IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NICOLE WEISZ, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Case No. 4:23-cv-541-ALM-AGD |
| CCT HOLDINGS, LLC § | |
| AND MICHAEL EYMER, § | |
| INDIVIDUALLY, § | |
| § | |
| Defendants. | |

**FIRST AMENDED REQUEST FOR CLERK'S ENTRY OF DEFAULT**

1. Defendant CCT Holdings, LLC is a Colorado entity that employed Plaintiff while she worked in Texas, but does not have a registered agent in Texas. Exhibit A, Declaration of Douglas B. Welmaker. ECF 5-1.

2. As per the Colorado Secretary of State's Office, CCT's registered agent is Michael Eymer. *See* Attachment 1 to Exhibit A, which is a true and correct copy of Defendant CCT's Colorado Secretary of State information, and is current as of today, December 22, 2023. ECF 5-2. The physical address for Mr. Eymer is listed at 3454 Alma Lane, Kittredge, Co., 80457. *Id*.

3. On **July 13, 2023**, Plaintiff attempted service on CCT through its registered agent, Mr. Eymer, using a process server out of Austin, Texas, Direct Results Legal Services. Service was attempted via certified mail at the address listed for Mr. Eymer with the Colorado Secretary of State's Office, but the certified mail was returned on **August 12, 2023** with the notation "return to sender, refused, unable to forward." *See* Attachment 2 to Exhibit A, a true and correct copy of the Proof of Service Affidavit, by Tod Pendergrass. ECF No. 5-3.

4. In **September 2023**, Plaintiff then then hired a Colorado process server, Quality Process Servers out of Longmont Colorado to serve CCT and Registered Agent Eymer **in person** at 3454 Alma Lane, Kittredge, Co., 80457, but the process server was unable to effectuate service, reporting that she spoke to an individual at this address who claimed they did not know who Michael Eymer or CCT was.  *See* Attachment 3 to Exhibit A, a true and correct copy of Quality Process Server's return.  ECF No. 5-4.

5. On **September 27, 2023**, Plaintiff then attempted to have Direct Results serve CCT via certified mail at **CCT's principal office mailing address,** which is listed with the Colorado Secretary of State at 250 W. Jewell, Denver Colorado, 80223.  That certified mail came back with the notation "No such address" on **November 8, 2023**.  *See* Attachment 4 to Exhibit A, a true and correct copy of Mr. Pendergrass's affidavit.  ECF No. 5-5.

6. On **November 16, 2023**, Plaintiff then attempted to have CCT served by certified mail on Eymer at the **Registered Agent's mailing address**, which is PO Box 998, Kittridge Colorado 80457, but the certified mail came back with the notation "refused" on **November 30, 2023**.  *See* Attachment 5 to Exhibit A, and true and correct copy of Mr. Pendergrass's affidavit. ECF No. 5-6.

7. Under Colorado Rev. Civ. Stat. § 7-90-704 (2)(c)[1], if a registered agent is not present where they have listed their address, then service is effectuated five days after mailing to the registered agent's listed address.

---

[1] **7-90-704. Service on entities:**
(1) The registered agent of an entity is an agent of the entity authorized to receive service of any process, notice, or demand required or permitted by law to be served on the entity. The registered agent of an entity is an agent of the entity to whom the secretary of state may deliver any form, notice, or other document with respect to the entity under this title, unless otherwise specified by an organic statute.
(2) If an entity that is required to maintain a registered agent pursuant to this part 7 has no registered agent, or if the registered agent is not located under its registered agent name at its registered agent address, or if the registered agent cannot with reasonable diligence be served, the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address. Service is perfected under this subsection (2) at the

2

8. Based on the above, at the earliest, Defendant CCT was served five days after July 13, 2023, which would have been July 18, 2023. At the latest, Defendant CCT was served five days after November 16, 2023, which would have been November 21, 2023. Assuming the later date for service of process, then Defendant CCT's answer would have been due December 12, 2023. As of the date of Plaintiff's Request for the Clerk to Enter Default, which was December 22, 2023, Defendant CCT had not answered, Defendant CCT was in default, and Plaintiff sought to have the clerk issue a default against Defendant CCT. ECF No. 5.

9. In yet another attempt to serve Defendant CCT, because Defendant CCT employed Plaintiff in Texas and therefore transacts business in Texas but has no registered agent for service of process on file with the Texas Secretary of State, Plaintiff has served the Texas Secretary of State with a summons and copy of this lawsuit. ECF No. 7. The Texas Secretary of State was served on January 9, 2024, and Defendant CCT's answer was therefore due on January 30, 2024. Today is February 2, 2024, and Defendant CCT has not filed an answer or made an appearance. Plaintiff therefore renews her request for the clerk to issue a default against Defendant CCT.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks the Clerk to enter the Clerk's Entry of Default, and seeks all other relief to which she may show herself justly entitled.

---

earliest of:(a) The date the entity receives the process, notice, or demand; (b) The date shown on the return receipt, if signed on behalf of the entity; or (c) Five days after mailing. (Emphasis added)

Respectfully submitted,

WELMAKER LAW, PLLC

/s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing First Amended Request for Clerk's Entry of Default has been electronically served through the Court's CM/ECF system on February 2, 2024.

/s/ Douglas B. Welmaker
Douglas B. Welmaker