# EXHIBIT C

## DECLARATION OF DOUGLAS B. WELMAKER

1. My name is Douglas B. Welmaker. I am over the age of 18 years, have personal knowledge of the matters set forth herein, and am competent to make this declaration. I make this declaration pursuant to the provisions of 28 U.S.C. § 1746. I submit this declaration in support of an award of reasonable attorney's fees in connection with Plaintiff's Motion for Default Judgment being filed in Weisz v. CCT Holdings, LLC, *et al*, CA 4:23-cv-541-ALM-AGD (hereafter "Plaintiff's Motion").

## PROFESSIONAL & EDUCATIONAL BACKGROUND

2. I am an attorney licensed to practice law in the state of Texas, and am admitted to practice in all of the federal district courts in Texas. I have been licensed to practice law in the State of Texas since November 1993, and graduated from South Texas College of Law in May 1993. While at South Texas College of Law, I was an Assistant Editor of the Law Review, and graduated in the top 15% of my class.

3. I have been litigating and trying labor and employment lawsuits in state and federal courts in Texas since 1993. I have tried multiple cases to verdict in federal court, representing both plaintiffs and defendants in various types of matters. For the last fifteen years (and for the last ten exclusively) I have been engaged in wage and hour litigation in federal court, including both individual and collective actions under the Fair Labor Standards Act ("FLSA"). I regularly represent plaintiffs in FLSA litigation in the United States Federal District Courts in the Northern, Southern, Eastern and Western Districts of Texas, and have maintained FLSA lawsuits, both individually and collectively, in New Mexico, Tennessee, Missouri, North Dakota and Louisiana.

## COURT-APPROVED HOURLY RATES

4. I am personally familiar from my own experience, from my knowledge of other attorneys' billing rates in FLSA cases I have handled and from discussing with other attorneys what a reasonable billing rate for an attorney with similar experience to me is in the Eastern District of Texas. It is my opinion that a reasonable hourly rate for an attorney with similar experience and expertise as myself from 2016 to 2023 ranges from $500 an hour to $650 an hour. Courts in both the Northern District of Texas (*Mauricio v. Philip Galyen, P.C.,* et al, 174 F.Supp.3d 944 (N. D. Tex. 2016); *Robinson v. Nexion Health at Terrell, Inc.*, CA 3:12-cv-03853, Dkt. 56, (N.D.Tex., Feb. 11, 2015)) the Western District of Texas (*Meesook v. Grey Canyon Family Medicine, PA, et al,* 2014 WL 5040133 (W.D. Tex. 2014)) and the Southern District of Texas (*Willis v. Full Service Construction et al*, CA 4:14-cv-1673, Dkt. 76, (S.D.Tex., Feb. 26, 2016)) found my previous hourly rate of $400 an hour to be reasonable.

5. On August 29, 2019, this Court aproved my then-hourly rate of $425.00 (based on a fee petition submitted on August 9, 2018) in *Murphy v. ABA Ranch, LLC*, Case No. 4:17-cv-00215 (E.D.Tex. 2019), Dkt. 57. On December 11, 2019, Magistrate Hacker approved my then hourly rate of $475.00 in *Cabezas v. Bravura Information Technology Systems, Inc. et al*, 7:19-cv-

00027 (S.D.Tex. 2019), Dkt. 24. On May 11, 2020, Judge Nelva Gonzales Ramos approved my then rate of $500 an hour in *Carranza v. Cirlos*, 2:18-cv-419 (S.D. Tex. 2020), Dkt. 36.  On May 27, 2021, Judge David Counts approved my rate of $525.00 (Dkt. 23), pursuant to Magistrate Ronald C. Griffin's Report and Recommendation (Dkt. 21) in *Garcia v. Grist, et al*, 7:20-cv-093-DC.  Magistrate Toliver also approved my then hourly rate of $525 on January 10, 2022 in Hardy v. SDM Hospitality, LLC, 20-CV-3157-S-BK, Dkt. 11.  Almost exactly one year ago, Arbitrator Dennis Clifford approved an hourly for me at $585.00.  *Basulto v. Mammoth Energy Services, Inc., et al*, Arbitration Nos. 21:A-001 through 21:B-043.

6. It is my opinion, based on 1) my experience in employment law generally and FLSA matters specifically and 2) my familiarity with billing rates throughout Texas, including in the Western District of Texas, that my hourly rate of $650.00 is both customary and reasonable for employment litigators in Texas.

7. I am representing Plaintiff on a contingency basis in this lawsuit.  I have attached to this Declaration a spreadsheet derived from my firm's billing program, Clio. The spreadsheet for the time I spent is attached hereto as Attachment 1.  The hours reflected in this spreadsheet were recorded contemporaneously with the tasks that are reflected in the spreadsheets.  I did not bill for all my time working on this case.  This itemization does not contain some of the time I spent on April 27, 2023, finalizing the Motion and preparing this declaration, nor does it reflect all of the time I spent on October 16, 2023, finalizing this Declaration and revising the Motion for Default Judgment. I am not seeking compensation for that time, which is a little over two hours, as part of my requested fees.

8. Thus far in this litigation, I have expended 21.9 hours at a billing rate of $650 per hour for a total bill of $14,235.00.  Out of that amount, I am writing off $3,000.00 to account for any possible unnecessary and/or potentially excessive or duplicative tasks, even though I billed judiciously and even though I did not bill for all tasks performed in this matter.  The total amount of fees sought after the write-off of $3,000.00 comes to $11,235.00.

9. All of my time was necessary to prosecute Plaintiffs' claims and included tasks such as drafting pleadings, communicating with Plaintiff, reviewing client documents, researching locations of Defendants and how to best serve them, and calculating wages owed to Plaintiff.  In addition, the clerk's filing fee was $402.00, and the cost of service of process through private process servers of the Original Complaint was $1,130.85.  A copy of these costs are attached to this Declaration as Attachment 2.  Total costs sought are $1,130.85.

10. The total fees and costs sought are therefore $12,365.85.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 4, 2024, in Longview, Texas.

_____
Douglas B. Welmaker