IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NICOLE WEISZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | **4:23-cv-541-ALM-AGD** |
| **CCT HOLDINGS, LLC** | § | |
| **AND MICHAEL EYMER,** | § | |
| **INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | | |

### SUPPLEMENT TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Nicole Weisz ("Weisz") files the following Supplement to Plaintiff's Default Judgment, and in support would show as follows:

### I.     Introduction

Plaintiff filed her Motion for Default Judgment on June 4, 2024, Dkt. 10. On January 2, 2025, this court asked counsel for Plaintiff several follow up questions/requests for documents in order to better understand the issues presented in the Motion for Default Judgment.

The questions propounded/documents requested by this Court were as follows:

1) Provide the court with any relevant employment contract(s) between CCT and Plaintiff;

2) Advise the court whether Plaintiff was a salaried employee or an hourly employee, and if hourly, state the hourly rate CCT paid to Plaintiff;

3) Argument and authorities supporting Plaintiff's position that the "time and a half" calculation method is appropriate as opposed to the Fluctuating Work Week method in light of Plaintiff's assertion that she was paid $1,000 per week between May 27, 2022, and October 12, 2022 (Dkt. #10, Exhibit B).

Dkt. 13.

Plaintiff Nicole Weisz provides a Supplemental Declaration, attached hereto as Attachment A, that seeks to provide context to her Motion for Default Judgment.

With respect to the Court's first inquiry, while there was no written contract for the period for the period of May 27, 2022 through October 12, 2022, the terms of Weisz's employment for this period are reflected in an email attached as Exhibit 1 to Weisz's Supplemental Declaration.

With respect to the Court's second and third inquiries, Plaintiff was indeed a salaried employee during the period in question, but this fact in and of itself is not dispositive. Under the Fifth Circuit case of *Black v. Settlepou, P.C.,* 732 F.3d 492 (5th Cir. 2013), Weisz is still entitled to be paid overtime premiums at time and one half her regular rate as opposed to FWW because 1) her hours did not fluctuate and 2) her salary was only intended to compensate her for 40 hours per week.

## II.   FACTS

As Weisz notes in her Supplemental Declaration, at the beginning of 2022, Michel Eymer, the owner of CCT and Weisz agreed that Weisz would work five 8-hour shifts per week (40 hours) in exchange for a salary of $1,000 per week. Attachment A, ¶4. Prior to May 28, 2022, Michael Eymer informed Weisz that he wanted her to pick up two extra shifts per week. *Id.* The details of this discussion are contained in the May 28, 2022 email between Weisz and Eymer attached to Weisz's Declaration as Exhibit 1.

Picking up an additional two shifts would have (and did) increase Weisz's workload to 56 hours per week. Attachment A, ¶4. Weisz complained about this proposal, as Eymer was not offering additional compensation for the additional work. *Id.* Weisz testified that she was required to work the extra 2 shifts for the same pay, although Mr. Eymer ultimately gave Weiss an extra week of paid vacation. *Id.* Finally, Weisz testifies that from the period of Mary 28, 2022 through October 12, 2022, she worked 56 hours per week, or 7 shifts of 8 hours per day, and that her hours did not change

during this time. *Id.* at ¶5.

### III.   ARGUMENT

In *Black v. Settlepou, PC*, Black was a paralegal who was paid a salary. Black worked more than forty hours per week and filed suit seeking her unpaid overtime premiums. One of the primary issues in the case concerned how to calculate Black's overtime premiums. Black argued that her salary was only meant to cover her full time schedule of 37.5 hours per week, and that as a result, any hours worked over 40 should be calculated at the time and one half method, instead of using FWW. Settlepou argued that Black's conduct in accepting her salary (with no overtime component) indicated that Black understood her fixed weekly salary would cover all hours worked, not just her regular schedule of 37.5 hours, and as such, FWW should apply. *Id*. at 500.

#### A.   Fluctuating Hours

Before examining the intent of the parties as to the number of hours Black's salary was meant to cover, the Fifth Circuit first noted that the fluctuating work week method of calculation only applies "when there is a contractual agreement between the employer and the employee that the employee will be paid a fixed weekly wage for hours that fluctuate from week to week." *Id.* at *499. Because Weisz's hours did not fluctuate during the period of May 27, 2022 through October 12, 2022, the FWW method of calculating overtime does not apply.

#### B.   Intent of the Parties

The Fifth Circuit in *Black* addressed the understanding of the parties as to the number of hours the salary was meant to cover. The court first observed that Black's testimony and other evidence indicated that Black understood her fixed weekly salary was only intended to compensate her for a 37.5 hour workweek, and that this factor weighed against the use of FWW. The court also described Settlepou's position that Black's conduct in continuing to accept her salary

indicated that she accepted that her salary was meant to cover all hours worked. *Id*. at 501. However, the Fifth Circuit found that the fact that Black complained that she should have received additional pay for the extra hours worked showed that she did not agree that her fixed weekly salary was full compensation for all hours she worked each week. *Id*. As such, the Court ruled that FWW did not apply to the calculation of Black's overtime premiums.

Even if Weisz's hours did fluctuate, which they did not, FWW still does not apply in this case as there was no understanding between Weisz and CCT that her pay was meant to cover all hours worked. Weisz's agreement with CCT prior to May 27, 2022 was that she was to receive $1,000 per week for 5 shifts of 8 hours each, or forty hours. Attachment A, ¶4. When Eymer decided to increase her hours, Weisz, as did Black in *Settlepou*, registered her complaint about working the additional hours for the same amount of pay. *Id*. As a result, even though Weisz was salaried, she is still entitled to be paid at time and one half for all hours worked over forty.

For the above reasons, Plaintiff requests that this Court grant Plaintiff's Motion for Default Judgment. Plaintiff requests any and all other relief to which she has shown she is justly entitled.

Respectfully submitted,

WELMAKER LAW, PLLC


*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com


**ATTORNEY FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Supplement to Plaintiff's Motion for Default Judgment has been served electronically through this Court's ECF system and on Defendant CCT Holdings, LLC via the following method at the address below on January 31, 2025:

Via Certified Mail and Regular Mail

CCT Holdings, LLC
C/O its registered agent:
Michael Eymer
250 W. Jewell, Denver Colorado, 80223
-and-
PO Box 998, Kittridge Colorado 80457


/s/ Douglas B. Welmaker
Douglas B. Welmaker